UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6072-CR-ZLOCH(s)
18 U.S.C. §1014
18 U.S.C. §2

UNITED STATES OF AMERICA )
)
v. )
)
RENE MENDOZA, )
)
Defendant. )
_____ )



### INDICTMENT

The Grand Jury charges that

### COUNT I

On or about August 8, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of approximately $3,000.00 in the name of Zina's Manufacturing Inc., in that the defendant falsely stated that George and Eleanor Greenberg had assigned $3,000.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT II

On or about August 8, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of approximately $3,500.00 in the name of Hi Enterprises, Inc., in that the defendant falsely stated that George and Eleanor Greenberg had assigned $3,000.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT III

On or about September 3, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of approximately $5,000.00 in the name of Joseph O. Consolazio, in that the defendant falsely stated that George and Eleanor Greenberg had assigned $3,015.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true.

All in violation of Title 18, United States Code, Sections 1014 and 2

## COUNT IV

On or about September 12, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of approximately $10,000.00 in the name of Maria Cardoza and Jose A. Cardoza, in that the defendant falsely stated that Rose and Dorothy Greenberg had assigned $10,000.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true.

All in violation of Title 18, United States Code, Sections 1014 and 2

## COUNT V

On or about September 15, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of approximately $45,769.30 in the names of Ihosvany Gonzalez and Juan A. Martinez, in that the defendant falsely stated that William V. Doria and Mary J. Doria had assigned $45,000.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true

3

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT VI

On or about September 15, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of approximately $77,569.00 in the name of Libardo Doria, in that the defendant falsely stated that William V. Doria and Mary J. Doria had assigned $45,000.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT VII

On or about September 15, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of approximately $3,000.00 in the name of Stephen J. Nowak and Marian J. Nowak, in that the defendant falsely stated that George and Eleanor Greenberg had assigned $3,000.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true.

4

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT VIII

On or about September 30, 1997, at Broward County, in the Southern District of Florida, the defendant,

### RENE MENDOZA,

knowingly and willfully made and caused to be made a false statement as to a material fact, for the purpose of influencing the action of First Union National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to approve a loan in the amount of APPROXIMATELY $13,000.00 in the name of Jose A. Jimenez, in that the defendant falsely stated that Maria Jimenez and Agustin Jimenez had assigned $12,000.00 of a certificate of deposit as security for the above-described loan, when, in truth and in fact, as the defendant then and there well knew, this statement was not true.

All in violation of Title 18, United States Code, Sections 1014 and 2.

A TRUE BILL.

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY

5

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| RENE MENDOZA | Superseding Case Information: |

**Court Division:** (Select One)

New Defendant(s)   Yes ____   No _X_
Number of New Defendants ____
Total number of counts ____

___ Miami   ___ Key West
_X_ FTL   ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _No_
List language and/or dialect _____

4. This case will take   _3_   days for the parties to try

5. Please check appropriate category and type of offense listed below.
(Check only one)   (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem | ___ |
| IV | 21 to 60 days | ___ | Felony | _X_ |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No)   _Yes_
If yes:
Judge: _Zloch_   Case No. _00-6072-CR-ZLOCH_
(Attach copy of dispositive order)

Has a complaint been filed in this matter?   (Yes or No)   _No_
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) _____ No _____

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 908223

*Penalty Sheet(s) attached   REV 1-7-99

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant Name:** Rene Mendoza          **Case No.:** _____

================================    ==========================================

Counts #I-VIII:

Material false statement on loan application, in violation of 18:1014 and 18:2

**Max. Penalty:**  30 years' imprisonment; $1,000,000 fine; five years' supervised release
==============================================================================
Count #:



**Max. Penalty:**
==============================================================================
Count #



**Max. Penalty:**
==============================================================================
Count #:



**Max. Penalty:**
==============================================================================
Count #:



**Max. Penalty:**
==============================================================================


==============================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.