UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6072-CR-ZLOCH

UNITED STATES OF AMERICA, :

   Plaintiff, :

   v. :

RENE MENDOZA, :

   Defendant. :

_____ :

**NIGHT BOX**
**FILED**
FEB 1 6 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S REQUEST FOR DOWNWARD DEPARTURE

Defendant, Rene Mendoza, through counsel, respectfully moves pursuant to U.S.S.G. § 5K2.0 for a downward departure from the otherwise applicable guideline range calculated in this case, and in support states as follows:

The Sentencing Guidelines authorize a departure from the otherwise applicable guideline range in those cases where the sentencing court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0. The decision whether and to what extent a departure is warranted "rests with the sentencing court on a case-specific basis." Id.

Normally in any case involving monetary loss, the amount of loss is determined based on the greater of the actual, intended or probable loss to the victim. In this case, the intended loss to the bank was zero. At the time these loan were approved, Mr. Mendoza hoped and believed that all of the loans would be paid back in full, and that the bank would be repaid with interest. The actual loss

in this case was calculated by referring to the application notes for fraudulent loan applications. The amount of loss for sentencing purposes was calculated as the amount of the loans not repaid at the time the offense was discovered reduced by the amount the lending institution has recovered. U.S.S.G. § 2F1.1, comment. (n. 8(b)).

The guidelines note that in some fraudulent loan cases, the loss determined in this manner may significantly understate or overstate the seriousness of the defendant's conduct. For example, where a defendant understated his debts to obtain a loan which he genuinely expected to repay and for which he would have qualified at a higher interest rate had he made truthful disclosure, but he was unable to repay the loan because of some unforeseen event which would have caused a default in any event, the loss as determined by the suggested method may overstate the seriousness of the defendant's conduct. Id. In such cases, a departure may be warranted. Id.

This case is similar to the situation described in the application note. When Rene Mendoza approved the loans in question, he believed that the applicants would repay the loans in full. In fact, some of the loans were paid in full, with interest. The larger loans were for the purchase of commercial vehicles, which appeared to provide a certain amount of security for the loans. Again, when he approved these loans, Rene Mendoza felt that the loans were going to be repaid in full, with interest. For reasons not foreseen by Mr. Mendoza, some of these loans went into default. In short, there was no intended loss.

Also of significance is that there was no monetary gain to the defendant. In contrast to the great majority of fraudulent loan cases, Rene Mendoza did not receive any of the proceeds of the loans, nor was he paid for approving them. His only interest in approving these loans was to enhance his productivity and statistics at the bank.

2

These factors taken together place this case outside the heartland of typical fraudulent loan cases. Accordingly, a departure is warranted. A district court judge is in the best position to assess the appropriateness of a departure, "informed by its vantage point and day-to-day experience in criminal sentencing," and a district court judge's decision to depart will be accorded "substantial deference." Koon v. United States, 116 S.Ct 2035, 2046-47 (1996). Defendant respectfully asks this Court to exercise its discretion, and to depart downward from the otherwise applicable sentencing guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Patrick M. Hunt
Assistant
Federal Public Defender
Florida Bar No. 571962
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 16th day of February, 2001, to Assistant United States Attorney Robin Rosenbaum, 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301, and to United States Probation Officer Frances Weisberg, 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301

_____
Patrick M. Hunt

3