UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6072-CR-ZLOCH

UNITED STATES OF AMERICA, :

       Plantiff, :

       v. :

RENE MENDOZA, :

       Defendant, :
_____:

**UNOPPOSED MOTION FOR ADJUSTMENT OF RESTITUTION AMOUNT**

Defendant, Rene Mendoza, through counsel, respectfully moves for an adjustment in his Court ordered restitution amount to reflect subsequent payments made by the borrowers on the defaulted loans, and in support states as follows:

1. On March 16, 2001, this Court sentenced Rene Mendoza to a five month period of incarceration, to be followed by a five year term of supervised release (including five months of home confinement), for his conviction of making a false statement on a loan application. Mr. Mendoza has completed his incarceration, and is now serving his term of supervised release.

2. At the time of his offense, Mr. Mendoza was a customer sales specialist at First Union. He submitted false information on behalf of several customers in order to get approval for loans to customers with insufficient security. He did not receive any compensation for this, but it helped him to meet his quotas. Of the eight loans obtained in this manner, five had been paid in full by the borrowers prior to sentencing.

3. As a part of his sentence, Mr. Mendoza was ordered to pay a total of $79,716.58 restitution to the victim, First Union National Bank. This restitution amount represented the unpaid



balance on three charged off loans at the time of sentencing ($4,154.23 for Maria and Jose Cardoza; $9,162.59 for Jose Jimenez; $66,399.76 for Libardo Doria).

4.   Mr. Mendoza has been making restitution payments according to a schedule worked out with the Probation Office.

5.   In March, 2003, a periodic review by the Probation Office discovered a discrepancy between the amount of restitution ordered, and the current payoff amounts on the defaulted loans. According to correspondence from First Union's successor in interest, Wachovia, substantial payments had been made on one of the defaulted loans by the borrower (Doria) subsequent to the entry of the restitution order. As of March 26, 2003, the total payoff amount for all three loans was $43,489.42 ($5,446.63 for Maria and Jose Cardoza; $9,331.73 for Jose Jimenez; $28,711.06 for Libardo Doria).

6.   On July 8, 2003, Defendant filed an unopposed motion for adjustment of restitution amount, attaching documentation of these payments. (The Probation Office is unable to make a change in the restitution amount without a Court order.)

7.   On July 24, 2003, this Court granted the unopposed motion and entered an order reducing the restitution amount from $79,716.58 to $43,489.42.

8.   Subsequent to the entry of that order, two of the loans have been satisfied by the debtors. Specifically, the Doria loan and the Jimenez loan have been paid in full. Attached is a letter from Wachovia dated January 2, 2004, indicating that the Doria account was paid in full on September 25, 2003. On March 14, 2005, undersigned counsel spoke with a Wachovia representative who confirmed that this loan has been paid in full. Also attached is a Satisfaction of Judgment from Broward County Court dated June 11, 2004, indicating that the judgment against

Jose Jimenez and in favor of First Union National Bank has been satisfied.

9. On information and belief, the debtors on the remaining loan, Maria and Jose Cardoza, have filed for bankruptcy. Accordingly, Defendant is entitled to no relief from this obligation and is not seeking relief. He remains responsible for the payoff balance of this loan.

10. With respect to the now discharged debts, however, Defendant respectfully asks the Court to amend the restitution order entered in this case to reflect the payments made by the borrowers on the defaulted loans subsequent to the entry of the original order and the subsequent order reducing the restitution.

11. Counsel has discussed this matter with Robin Rosenbaum, the Assistant United States Attorney handling this matter for the government, who authorized counsel to represent that the government does not object to the granting of the relief requested in this motion. USPO Ann Roman, Defendant's supervising officer, also has no objection to the requested relief.

WHEREFORE, for all the above reasons, Defendant respectfully asks the Court to amend the previously entered restitution order to a total of $ 5,446.63 to reflect subsequent payments by the borrowers.

                                                Respectfully submitted,

                                                KATHLEEN M. WILLIAMS
                                                FEDERAL PUBLIC DEFENDER

By: _____
                                                Patrick M. Hunt
                                                Assistant Federal Public Defender
                                                Florida Bar No. 571962
                                                One East Broward Blvd., Suite 1100
                                                Fort Lauderdale, Florida 33301
                                                (954) 356-7436 / (Fax) 356-7556
                                                E-mail: Patrick_Hunt@fd.org

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 22nd day of March, 2005, to Robin Rosenbaum, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, and to Ann Roman, United States Probation Officer, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301

_____
Patrick M. Hunt

Wachovia Corporation
Corporate Fraud Investigative Services
FL6089
2400 East Atlantic Boulevard
Pompano Beach, FL 33062

Fax 954 788-5998

**WACHOVIA**

Harrold Scott
US Probation
6100 Hollywood Blvd
Suite 501
Hollywood, Fl 33024

March 26, 2003

Re: Rene Mendoza

RECEIVED
MAR 2 ? 2003
U.S. PROBATION OFFICE
HOLLYWOOD, FLORIDA

Pay off amount

Jose Jimenez
#01800668337
$9,331.73

Maria Cardoza
#01800808993
$5,446.63

Libardo Doria
Bankrupt #01500809001
$28,711.06
Payments were being made

Chris Golembe
Vice President, South Region Manager
Corporate Fraud Investigative Services
PO Box 1000
Pompano Beach, Fl 33061
Mail Code FL6089
954-788-5911
Fax 954-788-5998

Wachovia Bank, N.A.
Bankruptcy Department
VA7359
Post Office Box 13765
Roanoke, VA 24037-3765

**WACHOVIA**

January 2, 2004

Libardo Doria
10112 Royal Palm Blvd.
Coral Springs, Fl. 33065

RE: Account #0150080900
   1997 Peterbuilt

Dear: Mr. Doria:

Please be advised that the above mentioned account was paid in full on September 25, 2003.

Should you have any questions, you may contact me at the number listed below.

Sincerely,

Mary Bolen
Bankruptcy Specialist
Telephone 800-418-8540

From-WACHOVIA BANKRUPTCY          5405636438          T-027  P.02/02  F-538

Wachovia Bank, N.A.
Bankruptcy Department
VA7358
Post Office Box 13765
Roanoke, VA 24037-3765

WACHOVIA

October 20, 2003

Libardo Doria
10112 Royal Palm Blvd.
Coral Springs, FL 33065

Owner:              Libardo Doria
Serial #:           1XPGDT9X4VN438596
Title# and State:   FL
Year/Make:          1997 Peterbilt
Lienholder:         Wachovia Bank
Formerly:           First Union National Bank

To Whom It May Concern:

Please be advised that Wachovia Bank, National Association no longer has a security interest in the vehicle referenced above.

Wachovia Bank, National Association

By: *Michelle Carper*
    Michelle Carper
    1-800-418-8540

Subscribed and sworn to before me this 20th of October, 2003.

*Dawn R Huff*
Notary Public
My commission expires: 11-30-2009

OFFICIAL SEAL
COMMONWEALTH OF VIRGINIA
DAWN R HUFF
ROANOKE COUNTY
MY COMMISSION EXPIRES
NOVEMBER 30, 2009

IN THE COUNTY COURT IN AN
FOR BROWARD COUNTY, FLORIDA
CASE NUMBER: 00-2069-COWE81

FIRST UNION NATIONAL BANK

    Plaintiff,

vs.

JOSE A JIMENEZ JR

    Defendant(s).

_____/

## SATISFACTION OF JUDGMENT

    KNOW ALL MEN BY THESE PRESENTS that FIRST UNION NATIONAL BANK, the Plaintiff in the above styled cause, wherein a judgment was rendered on November 2, 2000 in the above-named Court for $8481.15 against JOSE A JIMENEZ JR, the Defendant herein, said judgment having been duly recorded in the minutes of said Court and a copy thereof having been recorded in Official Records Book record number 31267 at Page 0876 of the public records of Broward County, Florida does hereby acknowledge satisfaction thereof and consent that the same shall be satisfied of record.

Signed, Sealed and Delivered in the Presence of:

_____
Print Name

_____
Print Name Camille Edwards

State of Florida
County of Broward

By:_____
Flynn LaVrar, Esq.
Attorney for Plaintiff

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State of Florida to take acknowledgements, personally appeared FLYNN C. LAVRAR, ESQ. to be known to be the person described in and who executed the foregoing Satisfaction of Judgment and he acknowledged before me that he executed same.

WITNESS my hand and seal in the County and State aforesaid the _____ day of JUN 1 1 2004, 2004.

_____
NOTARY PUBLIC
My Commission Expires: 4-13-08

Trinity L. Cooper
MY COMMISSION # DD310172 EXPIRES
April 13, 2008
BONDED THRU TROY FAIN INSURANCE, INC

This document was prepared by:

Flynn C. LaVrar, Esq.
Zakheim & Associates, P.A.
5310 N.W. 33rd Avenue
Suite 100
Ft. Lauderdale, FL 33309

File Number: 9920019702.001